☑ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>records and information associated with the cellular<br>telephones assigned call numbers (414) 393-8509 &<br>(414) 202-9337, (described in Attachment A) | )<br>)<br>)<br>)<br>)<br>)    Case No. 22-930M(NJ)<br>**Matter No.: 2022R00299** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

     An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ Eastern _____ District of _____ Wisconsin _____
*(identify the person or describe the property to be searched and give its location)*:

   See Attachment A.

     I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

   See Attachment B.

     **YOU ARE COMMANDED** to execute this warrant on or before _____ 8/16/22 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

     Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

     The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Honorable Nancy Joseph _____ .
*(United States Magistrate Judge)*

     ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   8/2/22 @ 3:47 p.m.      *[signature]*
                                          *Judge's signature*

City and state:   Milwaukee, WI      Honorable Nancy Joseph, U.S. Magistrate Judge
                                                       *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

## Certification

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

**Property to Be Searched**

This warrant applies to records and information associated with the cellular telephones assigned call numbers **(414) 393-8509 & (414) 202-9337**, ("the Accounts"), that are stored at premises controlled by **Sprint / T-Mobile** ("the Provider"), headquartered at **6360 Sprint Parkway, Overland Park, KS 66251 (Sprint) / 4 Sylvan Way, Parsippany, NJ 07054 (T-Mobile)**.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.**  **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **of June 19th, 2022 through July 16th, 2022**:

    a.  The following subscriber and extended subscriber information about the customers or subscribers of the Accounts:

        i.  Names (including subscriber names, user names, and screen names);

        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.  Local and long distance telephone connection records;

        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.  Length of service (including start date) and types of service utilized;

        vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"); device make and model;

2

      vii.   Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

   b.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers); call detail records for voice, SMS, MMS, and data; email addresses and IP addresses (including source and destination); and

      ii.  information regarding the cell towers and sectors through which the communications were sent and received; and

      iii.  per call measurement and timing advance data (PCMD, RTT, True Call, NELOS, or similar)

## II.    Information to be Seized by the Government

All information described above in Section I that constitutes [evidence, fruits, contraband, and instrumentalities] of violations of Title 18, United States Code, Sections 1951(a) and 2 (Hobbs Act robbery) and 924(c)(1)(A)(ii) (brandishing a firearm during and in relation to a crime of violence), and 922(g)(1) (felon in possession of a firearm) involving Joshua L. Hemphill (DOB XX/XX/1998) on July 13, 2022 and Otis R. Lipscomb (DOB XX/XX/1998) on July 7, 2022 as well as July 13th, 2022.

3

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>records and information associated with the cellular<br>telephones assigned call numbers (414) 393-8509 &<br>(414) 202-9337, (described in Attachment A) | )<br>)<br>)<br>)<br>)<br>) |

Case No.  22-930M(NJ)

**Matter No.: 2022R00299**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951 | Hobbs Act Robbery; |
| 18 U.S.C. § 924(c) | Brandishing a Firearm During the Commission of a Crime of Violence; and |
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm. |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

TFO Martin Keck, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: 8/2/2022

_____
*Judge's signature*

City and state: _____Milwaukee, WI_____

Hon. Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBERS (414) 393-8509 & (414) 202-9337, THAT IS STORED AT PREMISES CONTROLLED BY **Sprint / T-Mobile** | Case No. _____ <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, **Task Force Officer Martin Keck**, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant for information associated with certain cellular telephones assigned call numbers **(414) 393-8509** ("SUBJECT PHONE NUMBER 1") **& (414) 202-9337**, ("SUBJECT PHONE NUMBER 2"), that is stored at premises controlled by **Sprint / T-Mobile**, wireless telephone service providers headquartered at **6360 Sprint Parkway, Overland Park, KS 66251 (Sprint) / 4 Sylvan Way, Parsippany, NJ 07054 (T-Mobile)**.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require **Sprint / T-Mobile** to disclose to the government copies of the information further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2.      I am currently employed as a Detective for the Wauwatosa Police Department.  I have been employed as a law enforcement officer for over fifteen years.  Since October, 2018, I

have been assigned as a federally deputized Task Force Officer (TFO) on the Federal Bureau of Investigation (FBI) Milwaukee Area Violent Crimes Task Force, a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies, armed motor vehicle robberies (carjackings), and other violent crime matters, defined under Title 18 of the United States Code. I have participated in the investigation of numerous violent crimes, including armed bank robberies, armed motor vehicle robberies, and armed commercial robbery investigations in violation of Title 18, United States Code, Sections 924(c), 1951, 1956, 1957, 2113, and 2, and other related offenses. I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, cellular telephone extractions, interviews, DNA collection, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why violent actors typically conduct various aspects of their criminal activities.

3.        I have conducted and/or assisted with investigations of violent crime violations in conjunction with agents and officers from other jurisdictions, and have received training from these agents and officers in conducting these investigations.  I have also conducted and/or assisted with investigations that have led to the arrest of persons for violations of law dealing with commercial robberies.

4.        This affidavit is based upon my personal knowledge, training and experience, and on information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable.  This affidavit is also based upon my review of police reports, official records, citizen witnesses' statements, consent searches, recorded statements, law enforcement surveillance, surveillance video, court

2

records, and public records which I consider to be reliable as set forth herein. The facts of this Affidavit are based upon information obtained from my investigation, as well as information I have received from other law enforcement officers.

5.     Based on the investigation to date, I submit that there is probable cause to believe that Joshua L. Hemphill (DOB XX/XX/1998) and Otis R. Lipscomb (DOB XX/XX/1998) conspired with one another to commit and committed two gas station armed robberies in the Milwaukee area, Wisconsin, on July 13, 2022, in violation of Title 18, United States Code, Sections 1951(a) and 2 (Hobbs Act robbery) and 924(c)(1)(A)(ii) (brandishing a firearm during and in relation to a crime of violence), and 922(g)(1) (felon in possession of a firearm). I further submit that there is probable cause to believe that on July 7, 2022, while in the City of Milwaukee, Wisconsin, Otis R. Lipscomb committed violations of Title 18, United States Code, Sections 1951(a) (Hobbs Act robbery), 924(c)(A)(1)(ii) (brandishing a firearm during and in relation to a crime of violence), and 922(g)(1) (felon in possession of a firearm). I submit there is also probable cause to search the information described in Attachment A for [evidence, instrumentalities, contraband, or fruits] of these crimes as further described in Attachment B.

6.     Because this affidavit is submitted for the limited purpose of obtaining a search warrant, I have not included each and every fact known to me concerning this investigation. I have attempted to set forth only the facts I believe are pertinent to establishing the necessary foundation for the search warrant.

## **PROBABLE CAUSE**

7.     I am involved in the investigation of a series of armed robberies of a super market and gas stations, which occurred on July 7th, 2022 and July 13th, 2022 in the metro Milwaukee area,

3

Wisconsin. All of the stores included in this affidavit are businesses involved in interstate commerce, and the below-described robberies affected interstate commerce.

8. **Armed Robbery of Northtown Super Market, N. 27th St., Milwaukee – July 7th, 2022**. On July 7th, 2022, at approximately 6:03 p.m., an armed robbery occurred at the Northtown Super Market located at 4402 N. 27th St., Milwaukee, Wisconsin. One unidentified male subject entered the store, approached the cashier, took out a firearm and pointed it at the cashier and stated several times, "Give me the money." The victim cashier complied and gave the subject approximately $50 in U.S. currency. The subject then fled the store. This robbery occurred without the consent of the victim.

9. The subject was described as a black male, 22-25 years old, 5'07" in height, 140 pounds, and armed with a handgun.

10. **Armed Robbery of Amstar W. Vliet St., Wauwatosa – July 13th, 2022**. On July 13th, 2022, at approximately 10:09 a.m., an armed robbery occurred at Amstar, located at 6005 W. Vliet St., Wauwatosa, Wisconsin. One unidentified male subject entered the business. The suspect approached the cashier and demanded all of the money while pointing a handgun at the victim clerk. When the clerk declined, the suspect jumped the counter and pressed the firearm against the clerk's body and threatened to kill the clerk. The clerk opened the register and the suspect obtained approximately $200. This robbery occurred without the consent of the victim.

11. The suspect was described as a black male, approximately 25 years old, 6'00" tall, 130 to 140 pounds and armed with a black semi-automatic handgun.

12. **Armed Robbery of Amoco, W. Hampton Avenue, Butler – July 13th, 2022.** On July 13, 2022, at approximately 11:38 a.m., an armed robbery occurred at the Amoco located at 12419 W. Hampton Ave., Butler, Wisconsin. One unidentified male subject entered the store, approached

4

the cashier and demanded money. The suspect threatened to shoot the victim clerk. The victim opened the register and gave the suspect money from the register. The suspect obtained $896 in the robbery. This robbery occurred without the consent of the victim.

13.     The suspect was described as a black male, approximately 18-22 years old, approximately 5'04" to 5'07" tall and very thin.

**Investigation**

14.     The Milwaukee Police Department identified Otis M. Lipscomb (DOB XX/XX/XX98) as a potential suspect in the July 7th, 2022 armed robbery at Northtown Super Market. On July 7, 2022 at 9:20pm, Milwaukee Police Det. Froilan Santiago administered a photo array with the victim of the armed robbery. The victim positively identified Otis Lipscomb as the individual that robbed him.

15.     Wauwatosa Police Det. Stephen Kirby responded to the scene of the armed robbery at the Amstar which occurred on July 13th, 2022. Det. Kirby reviewed video footage and saw the suspect touched the top of the counter with his left hand during the robbery. Additionally, the suspect was not wearing gloves. Det. Kirby processed the scene for evidence. He photographed the impressions on the counter and also lifted the impressions.

16.     The photographs and impression lifts were examined by Milwaukee Police Chief Latent Print Examiner David Wagoner on July 15th, 2022. Chief Latent Print Examiner Wagoner identified the impression as belonging to Joshua L. Hemphill (DOB XX/XX/XX98).

17.     Video footage was collected from business and buses in the area of the Amstar robbery which occurred on July 13th, 2022. The video footage from the Amstar robbery, in conjunction with witness statements, revealed the suspects arrived and fled in a black Acura SUV. In addition to the suspect that went into the Amstar and robbed the clerk, a second subject was captured on

5

video acting as a "look out". This suspect was a black male, wearing a black T-shirt, blue jean pants and grey colored shoes with white soles.

18.     The video footage from the Amstar further revealed that the firearm used in the robbery was a black semi-automatic handgun with a silver ejection port. The suspect was wearing a grey sweat suit with white strings and a red logo on the left chest of the sweatshirt and a red logo on the left thigh area of the pants.

19.     Video footage was collected from businesses and buses in the area of the Amoco robbery which occurred on July 13th, 2022. The video footage showed the suspect that robbed the clerk was wearing a black T-shirt, blue jean pants, and light-colored shoes with a white sole. The suspect had a studded black and gold colored designer type belt on. The suspect in the Amoco robbery strongly resembled the "look out" from the Amstar robbery. A review of the video footage further showed the suspects arrived and fled in a black Acura SUV. A Milwaukee County Transit System bus captured the rear license plate of the suspect vehicle. The plate was a Wisconsin license plate – ALX-3113.

20.     The video footage further revealed that the firearm used in the robbery was a black semi-automatic handgun with a silver ejection port.

21.     On July 14, 2022, at approximately 12:52pm, I observed a black Acura MDX bearing a WI registration plate of ALX-3113 traveling northbound on N. 27th St. The Acura was surveilled until it parked in the alley behind 3151 N. 37th St., in the City of Milwaukee.

22.     On July 15, 2022, Wauwatosa Police detectives and members of the Milwaukee Area FBI Violent Crimes Task Force conducted surveillance of the Acura. The driver of the Acura was identified as Joshua L. Hemphill (DOB XX/XX/XX98) and a passenger in the vehicle was identified as Otis M. Lipscomb (DOB XX/XX/XX98). The investigators continued surveillance

6

of Hemphill and Lipscomb to the Wendy's, located at 2725 W. Capitol Dr., in the City of Milwaukee. From there, Lipscomb walked to the residence 2520 W. Melvina St., and Hemphill drove to the address 3151 N. 37th St., both in the City of Milwaukee.

23. On July 15, 2022, at approximately 12:46pm, I observed Lipscomb enter the residence 2520 W. Melvina St. in the City of Milwaukee. Officers surrounded the residence. Lipscomb came out of the residence and was arrested without incident at approximately 12:58pm. Lipscomb was wearing a studded black and gold colored belt consistent with that of the suspect from the Butler Amoco robbery which occurred on July, 13, 2022.

24. A consent search of the residence 2520 W. Melvina St. was done. During the search, investigators located the following:

 a. A black Canik brand Model 2 TP9sa, 9x19mm caliber, semi-automatic handgun. The firearm had a serial number of 21AP00261.

 b. A pair of blue jean pants.

 c. A pair of men's size 8 Jordan shoes (gray or light blue over white)

 d. A DOT paper ID card for Otis Lipscomb

 e. $42.00 in US Currency

25. The recovered shoes and pants mentioned above were consistent with the shoes and pants worn by the suspect in the Butler Amoco robbery. The firearm inside the residence was not consistent with the firearm used in the Butler Amoco robbery nor the Wauwatosa Amstar robbery. The firearm was left at the residence as it was possessed lawfully by the owner.

26. I interviewed two of Otis' family members on scene. The family members were identified as K.A.S. (DOB XX/XX/XX85) and T.D.B. (DOB XX/XX/XX01). Both K.A.S. and

T.D.B. viewed a still image of the suspect from the Butler Amoco robbery on July 13th. Both K.A.S. and T.D.B. recognized the suspect and stated the suspect was "Otis".

27.     It was later discovered that the firearm used in the Milwaukee robbery matched the firearm observed at the residence 2520 W. Melvina St. Milwaukee Police Det. Kent Gordon met with T.D.B. at the residence 2520 W. Melvina St. There, he showed T.D.B. a still image of the suspect who committed the robbery of the Northtown Super Market in Milwaukee on July 7, 2022 holding the firearm used in the robbery. T.D.B. identified the suspect as Otis Lipscomb and stated the firearm he used was in fact her firearm, and that it is a real firearm. T.D.B. did not have knowledge Lipscomb had committed or used her firearm in this offense.

28.     On July 15, 2022 at approximately 12:50pm, Wauwatosa Police Det. James Short observed Hemphill enter the residence 3151 N. 37th St. in the City of Milwaukee. Officers surrounded the residence. Hemphill came out of the residence and was arrested without incident at approximately 1:05pm.

29.     A consent search of the residence 3151 N. 37th St. was done. During the search, investigators located the following:

    a.     A SCCY model CPx1, 9mm caliber, semi-automatic handgun. The firearm had a serial number of C230052. The firearm was black with a silver ejection port. The firearm was recovered from a purse belonging to C.C.W. (DOB XX/XX/XX94), a resident at 3151 N. 37th St.

    b.     A WI driver's license for Joshua Hemphill.

    c.     A gray Polo brand hooded sweatshirt with white draw strings and a red logo on the left chest.

8

d.  A pair of gray Polo brand sweatpants with white drawstrings and a red logo on the left thigh.

e.  A pair of men's size 12 white Nike Air Force 1 shoes.

30.  The recovered sweatshirt, pants, shoes and firearm were consistent with the clothing worn by the suspect in the Wauwatosa Amstar robbery on July 13, 2022. The firearm was also consistent with the firearm used in the Butler Amoco robbery on July 13, 2022.

31.  I conducted a recorded, Mirandized interview of Joshua Hemphill at the Wauwatosa Police Department on July 15th, 2022 at approximately 4:11pm. During the interview, Hemphill confessed to robbing the Amstar gas station in Wauwatosa on July 13, 2022. He stated the firearm he used in the robbery was taken from and returned to C.C.W. without her knowledge. Hemphill further stated he was driving the Acura that was used in the robbery at the Butler Amoco on July 13th, 2022 at the time of the robbery.

32.  Milwaukee Police Det. Roman Martinez and I conducted a recorded, Mirandized interview of Otis Lipscomb at the Wauwatosa Police Department on July 15, 2022, at approximately 6:03pm. During the interview, Lipscomb was shown still images of the suspect from the Northtown Super Market robbery in Milwaukee on July 7, 2022. Lipscomb identified himself as the person in one of the images. He nodded his head when asked if the firearm belonged to his family member. He said the family member did not have knowledge of the robbery. Regarding the armed robbery at the Amstar in Wauwatosa on July 13, 2022, Lipscomb stated he was in the area at the time of this robbery, but not the one who committed the robbery. Lipscomb was shown video of the person depicted in the video acting as a "look out". He stated he was the person in the video. Regarding the armed robbery at the Amoco in Butler on July 13, 2022, I showed Lipscomb a still image of the suspect from the robbery. Lipscomb viewed the picture and

9

stated he was the person in the image. When asked where he got the firearm used in the Butler Amoco robbery, Lipscomb initially stated he found it. Lipscomb did not want to talk about the actions of others, just himself. When asked if he actually got the firearm from someone else and then returned the firearm to that person, Lipscomb agreed. Lipscomb stated the firearm he used in the Amoco robbery was a real firearm.

33.     During the recorded Mirandized interview with Lipscomb on July 15, Lipscomb gave verbal and written consent to have a search of his cell phone done. On July 20, 2022, I conducted a data extraction of Lipscomb's cell phone. I analyzed the data extracted from the cell phone and the cell phone's SIM card and found the following relevant to this investigation:

    a.     The cell phone's SIM card had an assigned phone number of 414-393-8509 (SUBJECT PHONE NUMBER 1).

    b.     There were several text messages stored on the phone referring to the user of the phone as "Otis".

    c.     On 07/07/22 at 10:08 p.m., an outgoing text message was sent from the phone to 414-759-1369 which reads, "Police looking for me".

    d.     The phone number 414-202-9337 (SUBJECT PHONE NUMBER 2) was saved in the phone under the contact "Josh".

    e.     There was a text thread between the cell phone and "Josh" on 07/13/22 which reads:

        i.     Incoming at 6:05 a.m. – You up

        ii.     Outgoing at 6:34 a.m. – On the bus

        iii.     Incoming at 6:35 a.m. – Ight bro try not to go to sleep I'mma be there at 8

        iv.     Outgoing at 6:35 a.m. – Okay

10

     v.    Incoming at 6:35 a.m. – Bet be ready dressed for today's actions nigga

    vi.    Incoming at 7:00 a.m. – Imma try to be there at 8

    vii.    Outgoing at 7:50 a.m. - Bet

34.    I checked the Internet database www.fonefinder.net to confirm the cellular telephone carrier company for 414-202-9337. I have used this database in the past and found it to be reliable and correct. I entered the area code 414 and prefix 202 and found the number to be listed to Sprint. I also checked the Neustar Wireless Portability database and found that the cellular telephone number 414-202-9337 had not been ported to another company.

35.    I checked the Neustar Wireless Portability database and found that the cellular service provider for the phone number 414-946-1675 is T-Mobile.

36.    I know that T-Mobile recently purchased Sprint. I know that phone numbers registered to Sprint may be utilizing either the Sprint cellular network or the T-Mobile cellular network and that legal process needs to be served on both entities to ensure all records are obtained.

37.    In my training and experience, I have learned that **Sprint & T-Mobile** are companies that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.

11

Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

38.     Based on my training and experience, I know that **Sprint / T-Mobile** can collect cell-site data about SUBJECT PHONE NUMBER 1 and SUBJECT PHONE NUMBER 2.  I also know that wireless providers such as **Sprint / T-Mobile** typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

39.     Based on my training and experience, I know that wireless providers such as **Sprint / T-Mobile** typically collect and retain information about their subscribers in their normal course of business.  This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service.  I also know that wireless providers such as **Sprint / T-Mobile** typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business.  In my training and experience, I know this information may constitute evidence of the crimes under investigation because the information can be used to identify the user or users of SUBJECT PHONE NUMBER 1 and SUBJECT PHONE NUMBER 2, may assist in the identification of other co-conspirators and may show an approximate location of the cell phones assigned SUBJECT PHONE NUMBER 1 and SUBJECT PHONE NUMBER 2 at the time of the robberies detailed in this affidavit.

12

## **AUTHORIZATION REQUEST**

40.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

41.     I further request that the Court direct **Sprint / T-Mobile** to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.  Because the warrant will be served on **Sprint / T-Mobile**, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

42.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

13

## **ATTACHMENT A**

### **Property to Be Searched**

      This warrant applies to records and information associated with the cellular telephones assigned call numbers **(414) 393-8509 & (414) 202-9337**, ("the Accounts"), that are stored at premises controlled by **Sprint / T-Mobile** ("the Provider"), headquartered at **6360 Sprint Parkway, Overland Park, KS 66251 (Sprint) / 4 Sylvan Way, Parsippany, NJ 07054 (T-Mobile)**.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **of June 19th, 2022 through July 16th, 2022**:

    a.   The following subscriber and extended subscriber information about the customers or subscribers of the Accounts:

        i.   Names (including subscriber names, user names, and screen names);

        ii.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.   Local and long distance telephone connection records;

        iv.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.   Length of service (including start date) and types of service utilized;

        vi.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"); device make and model;

vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

b.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

i.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers); call detail records for voice, SMS, MMS, and data; email addresses and IP addresses (including source and destination); and

ii.  information regarding the cell towers and sectors through which the communications were sent and received; and

iii.  per call measurement and timing advance data (PCMD, RTT, True Call, NELOS, or similar)

## II.  Information to be Seized by the Government

All information described above in Section I that constitutes [evidence, fruits, contraband, and instrumentalities] of violations of Title 18, United States Code, Sections 1951(a) and 2 (Hobbs Act robbery) and 924(c)(1)(A)(ii) (brandishing a firearm during and in relation to a crime of violence), and 922(g)(1) (felon in possession of a firearm) involving Joshua L. Hemphill (DOB XX/XX/1998) on July 13, 2022 and Otis R. Lipscomb (DOB XX/XX/1998) on July 7, 2022 as well as July 13th, 2022.

3

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC
## RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE
## 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by Sprint / T-Mobile, and my title is _____.  I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of Sprint / T-Mobile.  The attached records consist of

_____

_____.

I further state that:

      a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **Sprint / T-Mobile**, and they were made by **Sprint / T-Mobile** as a regular practice; and

      b.    such records were generated by **Sprint / T-Mobile's** electronic process or system that produces an accurate result, to wit:

      1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **Sprint / T-Mobile** in a manner to ensure that they are true duplicates of the original records; and

2.       the process or system is regularly verified by **Sprint / T-Mobile**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____      _____

Date                         Signature